Form 3015-1 -Chapter 13 Plan
**UNITED STATES BANKRUPTCY COURT**
District of Minnesota

In Re:                                                                    **CHAPTER 13 PLAN**
**JAMES S. COMNICK**
   0656                                                                   Dated:  05/27/2009
**TAMMY L. COMNICK**
   5689                                                                   Case No.  09
                    DEBTOR
       In a joint case,
       debtor means debtors in this plan.

1. **PAYMENTS BY DEBTOR -**
   a. As of the date of this plan, the debtor has paid the trustee **0.00**.
   b. After the date of this plan, the debtor will pay the trustee **750.00** per **Month** for **48** months, beginning 30 days following the order for relief for a total of **36,000.00**. The minimum plan length is  _X_  36 or ____ 60 months from the initial plan payment unless all allowed claims are paid in a shorter time.
   c. The debtor will also pay the trustee: _____
   d. The debtor will pay the trustee a total of **36,000.00** [line 1(a) + line 1(b) + line 1(c)].

2. **PAYMENTS BY TRUSTEE -** The trustee will pay from available funds only creditors for which proofs of claim have been filed. The trustee may Collect a fee of up to 10% of plan payments, or **3,600.00.**

3. **ADEQUATE PROTECTION PAYMENTS [§ 1326(a)(1)(C)]** – The trustee will promptly pay from available funds adequate protection payments to Creditors holding allowed clams secured by personal property, according to the following schedule, beginning with month one (1).

   | Creditor | Monthly Payment | Beginning in Month # | Number of Months | Total Payments |
   |---|---|---|---|---|
   | a. NONE | | | | |

4. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]** – The debtor assumes the following executory contracts or unexpired leases. Cure provisions, if any, are set forth in pararaph 7. In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

   | Creditor | Description of Property |
   |---|---|
   | a. NONE | |

5. **CLAIMS NOT IN DEFAULT** – Payments on the following claims are current and the debtor will pay the payments that come due after the date the petition Was filed directly to the creditors. The creditors will retain their liens, if any. In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

   | Creditor | Description of Claim |
   |---|---|
   | a. NONE | |

6. **HOME MORTGAGES IN DEFAULT [§ 1322(b)(5) and § 1322(e)]** – The trustee will cure defaults on the following claims secured only by a Security interest in real property that is the debtor's principal residence. The debtor will pay the payments that come due after the date the Peition was filed directly to the creditors. The creditors will retain liens. ***All following entries are estimates***. The trustee will pay the actual Amounts of default. In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

   | Creditor | Amount of Default | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|
   | a. WELLS FARGO FINANCIAL | 6,499.88 | 151.16 | 5 | 43 | 6,499.88 |
   | b. TOTAL | | | | | 6,499.88 |

7. **CLAIMS IN DEFAULT [§ 1322(b)(3) and (5) and § 1322(e)]** – The trustee will cure defaults on the following claims as set forth below. The debtor Will pay the payments that come due after the date the petition was filed directly to the creditors. The creditors will retain their liens, if any. *All following entries are estimates, except for interest rate.*  In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

   | Creditor | Amount of Default | Int. Rate (If applicable) | Mothly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
   |---|---|---|---|---|---|---|
   | a. NONE | | | | | | |

8. **OTHER SECURED CLAIMS: SECURED CLAIM AMOUNT IN PLAN CONTROLS [§ 1325(a)(5)]** – The trustee will pay, on account of the following Allowed secured claims, the amount set forth in the "Total Payments" column, below. The creditors will retain liens securing the allowed Secured claims until the earlier of the payment of the underlying debt determined under nonbankruptcy law, or the date of the debtor's

Discharge. NOTWITHSTANDING A CREDITOR'S PROOF OF CLAIM FILED BEFORE OR AFTER CONFIRMATION, THE AMOUNT LISTED IN THIS PARAGRAPH AS A CREDITOR'S SECURED CLAIM BINDS THE CREDITOR PURSUANT TO 11 U.S.C. § 1327, AND CONFIRMATION OF THE PLAN IS A DETERMINATION OF THE CREDITOR'S ALLOWED SECURED CLAIM. In the event of the surrender or foreclosure or repossession or return of the collateral to the creditor for any reason, the balance of the claim, if any, will be paid as an unsecured claim, dischargeable upon completion of this Chapter 13 plan.

| Creditor | Claim Amount | Secured Claim | Int. Rate | Beginning in Month # | Number of Pmts. | Payment Amount | Adequate Protection | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|---|---|
| a. MINNSTAR BANK (1997 CHEVROLET BLAZER) | 1,900.00 | 1,500.00 | 6 | 5 | 43 | 38.85 | | 1,670.55 |
| b. MINNSTAR BANK (1997 CHEVROLET BLAZER 2000 FORD RANGER MF BAILER AND IH HAY AIR COND. 1978 TIOGA MOTOR HOME | 29,860.88 | 12,000.00 | 6 | 5 | 43 | 310.84 | | 13,366.12 |
| c. TOTAL | | | | | | | | 15,036.67 |

9. **PRIORITY CLAIMS -** The trustee shall pay in full all claims entitled to priority under § 507, including the following. The amounts listed are estimates only. The trustee will pay the amounts actually allowed.

| Creditor | Estimated Claim | Monthly Payment | Beg. in Month # | No. of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|
| a. ATTORNEYS FEES | 1,474.00 | 368.50 | 1 | 4 | 1,474.00 |
| TOTAL | | | | | 1,474.00 |

10. **SEPARATE CLASSES OF UNSECURED CREDITORS –** In addition to the class of unsecured creditors specified in paragraph 11, there shall be Separate classes of non-priority unsecured creditors described as follows: <u>None.</u>
The trustee will pay the allowed claims of the following creditors. ***All entries below are estimates.***

| Creditor | Interest Rate (If any) | Claim Amount | Monthly Payment | Beginning in Month # | Number of Payments | TOTAL PAYMENTS |
|---|---|---|---|---|---|---|
| a. NONE | | | | | | |

11. **TIMELY FILED UNSECURED CREDITORS –** The trustee will pay holders of non-priority unsecured claims for which proofs of claim were timely Filed the balance of all payments received by the trustee and not paid under paragraphs 2, 3, 6, 7, 8, 9 and 10 their pro rata share of Approximately <u>9,839.33</u> [line 1(d) minus lines 2, 6(d), 7(d), 8(d), 9(f) , and 10( c )].

    a. The debtor estimates that the total unsecured claims held by creditors listed in paragraph 8 are <u>18.260.88</u>.
    b. The debtor estimates that the debtor's total unsecured claims (excluding those in paragraphs 8 and 10) are <u>49,522.32</u>.
    c. Total estimated unsecured claims are <u>67,783.20</u> [line 11(a) + line 11(b)].

12. TARDILY-FILED UNSECURED CREDITORS – All money paid by the debtor to the trustee under paragraph 1, but not distributed by the Trustee under paragraphs 2, 3, 6, 7, 8, 9, or 11 will be paid to holders of non-priority unsecured claims for which proofs of claim were tardily Filed.

13. **OTHER PROVISIONS --**
    a. The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion.
    b. Upon confirmation of this plan Wells Fargo Financial, the creditors listed in paragraph 6 above, shall resume issuing regular monthly billing statements to the debtors at the debtors' address listed in the bankruptcy petition and said creditor shall accept all payments made by the debtors. ***Wells Fargo shall duly accept and shall, not later than ten (10) days following receipt of payment from the debtors, timely apply all post-petition mortgage payments made by the debtors as per the terms of the applicable Note and Mortgage.***
    c. The debtors shall submit all future earnings or other income to such supervision or control of the trustee as is necessary for the execution of the Plan ***including all state and federal tax refunds received during the life of the plan. At the discretion of the trustee, the debtors may retain all or portions of their yearly state and federal tax refunds for purposes of covering unanticipated and necessary living expenses.***
    d. All property of the estate shall vest in the debtors at the conclusion/completion of the plan and the issuance of their discharge order by the Court.
    e. The trustee will pay, in full (with interest) all postpetition claims allowed under 11 USC Sec. 1305, if there are any such claims. Confirmation of the plan shall impose a duty on the holders and/or servicers of claims secured by liens on real property to apply the payments received from the trustee on the pre-petition arrearages, if any, only to such arrearages; to deem the pre-petition arrearages as contractually cured by confirmation; to apply the direct mortgage payments paid by the debtors to the month in which they were made, whether such payments are immediately applied to the loan or placed into some type of suspense account; to notify the trustee, the debtors and the attorney for the debtors of any changes in the interest rate for an adjustable rate mortgage and the effective date of the adjustment; to notify the trustee, the debtors and attorney for the debtors of any change in the taxes and insurance that would either increase or reduce the escrow portion of the monthly mortgage payment; and to otherwise comply with 11 U.S.C. Section 524(i). The plan filed by the debtor(s) herein hereby specifically rejects, avoids, cancels and otherwise releases the debtor(s) from any and all contractual provisions, with any party or entity, which could or may impose on the debtor(s) any duty, requirement or obligation to submit any and all claims, demands, or causes of action of the debtor(s) or any defenses, affirmative or otherwise, of any nature whatsoever, whether known or unknown, and whether arising pre-petition or post-petition, to any form of binding arbitration or alternative dispute resolution.

    f.    As of May, 2009, the debtors are delinquent with their pre-petition mortgage payments to Wells Fargo Financial in the amount of 5,518.00. The debtors have listed the default at 6,499.88 in paragraph 6 above to account for late fees, if any. ***Any pre-petition delinquency claimed by Wells Fargo Financial in excess of 6,499.88 following the commencement of the debtors' bankruptcy case is hereby disputed by the debtors and will be deemed waived per 11 U.S.C. §1322(b)(3).***

**14. SUMMARY OF PAYMENTS -**

| | |
|---|---:|
| Trustee's Fee [Line 2] | 3,600.00 |
| Home Mortgage Defaults [Line 6(b)] | 6,500.00 |
| Claims in Default [Line 7(a)] | 0.00 |
| Other Secured Claims [Line 8(b)] | 15,036.67 |
| Priority Claims [Line 9(f)] | 1,474.00 |
| Separate Classes [Line 10(a )] | 0.00 |
| Unsecured Creditors [Line 11] | 9,839.33 |
| Adequate Protection Payments [Line 3(b)] | 0.00 |
| TOTAL [must equal Line 1(d)] | 36,000.00 |

STEPHEN J. BEHM  
Bar no: 263758  
ESKENS, GIBSON & BEHM LAW FIRM, CHTD.  
151 ST. ANDREW'S COURT, SUITE 610  
P.O. BOX 1056  
MANKATO, MN 56002-1056  
TELEPHONE: (507) 345-5500

Signed: <u>JAMES S. CONMICK</u>  
JAMES S. CONMICK, DEBTOR

Signed: <u>TAMMY L. CONMICK</u>  
TAMMY L. CONMICK, JOINT DEBTOR